IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PAUL PATRICK JOLIVETTE,

    Plaintiff,

  v.

PEOPLE OF THE STATE OF CALIFORNIA,

    Defendant.
_____/

No. C 14-80189 CW

ORDER DENYING MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION

Docket No. 10

    On June 23, 2014, Plaintiff Paul Patrick Jolivette filed a notice of registration of judgment from another district, attaching a document purporting to be a certification of a judgment of the "Shaykamaxum Grand/Supreme Court of Atlan/Amexem Al Moroc NW" against the People of the State of California.  On September 22, 2014, Plaintiff filed a motion for writ of possession and an ex parte application for a temporary restraining order related to the purported judgment.

    According to documents submitted by Plaintiff and documents available on the Public Access to Court Electronic Records (PACER) system, Plaintiff has attempted to register the purported judgment in two other districts, the Eastern District of California (Case No. 13-1882) and the District of Nevada (Case No. 13-2322).  The Eastern District of California dismissed the claim for lack of

jurisdiction after finding that there was no indication that the "Shaykamaxum Grand/Supreme Court" exists or is recognized by the United States.  EDCA Case No. 13-1882, Docket No. 6 at 3 (citing LaSalle Bank Nat'l Assoc. v. Johnson, 2012 WL 6628940, *2 (M.D. Tenn.) ("Although, . . . Ms. Hatshipsue makes various references to being a diplomat and official of the Shaykamaxum Atlanexem Republic, there is no indication that such a government exists or is recognized by the United States, such as to make this a case involving a federal question.")).  The District of Nevada found that registration of the purported judgment was improper under 28 U.S.C. § 1963 because the judgment was "from an unknown court and jurisdiction which the undersigned does not recognize and which likely does not exist."  D. Nev. Case No. 13-2322, Docket No. 15 at 2.  Accordingly, the Nevada Court declined the request for registration of foreign judgment.

On September 26, 2014, the Court entered an order declining the request for registration of foreign judgment in this Court for the same reasons cited by the Eastern District of California and the District of Nevada.  Plaintiff has now filed a motion for reconsideration of the Court's order.  The Court will construe the motion as a motion for leave to file a motion for reconsideration, see Civil Local Rule 7-9, and DENIES it.  None of the grounds for granting leave exists here.  Plaintiff asserts that the Court incorrectly relied on 28 U.S.C. § 1963 in declining the request for registration.  Plaintiff contends that he moved pursuant to 28 U.S.C. § 1783.  However, that provision involves statutes and judicial proceedings of "any State, Territory, or Possession of

2

1  the United States." The Shaykamaxum Atlanexem Republic is none of
2  these. Accordingly, § 1783 is not relevant.
3      IT IS SO ORDERED.

4  Dated: November 21, 2014
5                                      CLAUDIA WILKEN
                                        United States District Judge